The opinion of the court was delivered by
Tilghman, C. J.
This action Wa's brought by William Speck* enagle the plaintiff above (who is defendant in error,) against Jllex-ander Hampton, for breach of contract, respecting a tract of land sold by the plaintiff to the defendant.' The sale was by public auction, and the price 89 dollars 50 cents per acre. The defendant denied that he was the purchaser, and averred, that his bid of 89 dollars 50 cents an acre, was made, as agent for the plaintiff, and on his account. Several bills of exceptions were taken by the defendant in the course of the trial below, to the .opinion of the court on the admission of evidence; an exception was also taken to the opinion of the court on several points proposed by the defendant’s counsel, and given in charge to the jury. Errors have been assigned also in the plaintiff’s declaration
1st. It appears by the first bill of exceptions, that the plaintiff in making out his title to the land sold to the defendant, offered in evidence, a deed from the Sheriff of Bucks County, without producing the record of the judgment and execution recited in the deed, by virtue of which, the sale was made by the Sheriff. This deed *221 was objected to by the defendant’s counsel, but the court admitted it.
A Sheriff’s deed conveys no title, unless the Sheriff was authorized to sell, and his authority can be proved in no other manner than by showing a judgment, and the subsequent process of execution and venditioni exponas. A deed by which nothing passes, is not evidence. A Sheriff’s deed was permitted to be given in evidence, without showing the judgment and execution, in the case of Burk’s Lee. v. Ryan, 1 Dall. 94, where possession had gone along with the deed for more than twenty years. But where it was unsupported by great length of possession, this court rejected it, in the case of Wilson’s Lee. v. M'Veagh, 2 Yeates, 86, and Weyand v. Tipton, 5 8. & R. 332. In the present instance, therefore, it ought not to have been admitted.
2d. The plaintiff offered also in evidence, part of the record and proceedings in the Orphans’ Court of Bucks County, respecting the valuation and partition of the real estate of William Broadnax, deceased, to which the defendant’s counsel objected, but the court admitted the evidence, and an exception was taken to their opinion. This is the second bill of exceptions. When the exemplification of a record is offered in evidence it must contain the whole record, because the court eamiot form a correct judgment, without seeing the whole. The law is so laid down in Gilbert’s Treatise on Evidence, p. 17, and in 1 Phill. Ev. 290. And the reason of this rule will plainly appear, when applied to the case before us. The part of the record which was produced, shewed that certain persons, by order of the Orphans’ Court, made a valuation and partition of the real estate of William Broadnax, and reported their proceedings to the court, by whom they were confirmed. But the petition, and the facts, on which the order of the court for making partition was founded, did not appear, so that it was impossible for the District Court to judge, whether it was a case within the jurisdiction of the Orphans’ Court, and if not, the proceedings were void. The evidence,, therefore, ought not to have been received.
3d¡ The third exception was to the charge of thé court, on several points proposed by the counsel for the defendant.
The first point was, “that the plaintiff was not entitled to recover, because he had never executed, or tendered, or offered to tender, a deed to the defendant for the property alleged by him to have been sold to the defendant, for the breach of the contract concerning which, the suit was brought.” The court answered, “ that this suit was not brought for recovery of the purchase money, but damages for refusing to comply with the contract, and inasmuch as the defendant had told the plaintiff before the time fixed for the plaintiff’s making the conveyance, that he would not take the land, because he had never purchased it; the plaintiff might recover damages without tendering a deed of conveyance. ” It is of *222 no importance, whether the court was correct in the distinction between an action for recovery of the purchase money, and one for recovery of damages, for refusing to comply with the contract. The material question was, whether a' tender of the deed was essential to the plaintiff’s recovering in this suit. And I am of opinion, that under the circumstances stated by the court, it was not; for why should the plaintiff tender a deed, which the defendant told him he would not accept? It would have been a nugatory act, which, from the conduct of the defendant, it might fairly be presumed, he had dispensed with. He denied that he had made the purchase, and made no other objection. That was the only point in dispute. There was no error, therefore, in the opinion of the court on this head.
The second and third points may be reduced to one, viz: “that the defendant was not bound to take the land, even if he had been the purchaser, because there were incumbrances on it, not mentioned at the time of sale.” The court answered, that “these incumbrances were not the cause assigned'by the defendant, for his refusal to perform the contract on his part, nor made the ground of objection, but that he had refused to take the purchase before the time limited for making the deed and discharging the incumbrances.” This answer was not quite so full as it ought to have been. Although the defendant had declared, that he would not take the land, yet before the plaintiff would be entitled to recover damages, it was incumbent on him to show that it was in his power to make a good title. He has averred in his declaration, that he was ready to do all things necessary to be done on his part, and that averment cannot be supported, if he was unable to make title. If the incumbrances were of such a nature, that the jury might be satisfied from the plaintiff’s evidence, that he could' and would have removed them, had the defendant been willing to accept a conveyance, the case would fall within the principle of M‘Murtrie v. Bergasse, and the plaintiff might recover. But the ability to discharge the incum-brances, was a point which lay upon the plaintiff to establish beyond doubt. If he failed there, he could not be entitled to damages. But if he satisfied the jury on that point, he might recover.
The defendant’s fourth point was, that if the defendant acted as agent for the plaintiff, and exceeded his authority, the plaintiff had mistaken his remedy, and could not recover in this action. And the fifth point was, that the action could not he supported, unless the jury were satisfied that the defendant had exceeded his authority. To both these points, the court answered, “that this action is not against the defendant as agent of the plaintiff} and that if it appeared to the jury that he was the agent of the plaintiff, and acted within his authority, the plaintiff cannot sustain his suit.” The defendant’s counsel complain, that their fourth point was not answered, and indeed, it does not seem to have been answered so distinctly as it might have been, although I think the opinion intended to have *223 been given, was correct. The meariing of the court I take to have been, that if the defendant was an agent, and acted within his authority, the action could not be supported; but although employed by the plaintiff as an agent to bid for him at the auction, yet if he exceeded his authority, he would be considered in law, as having divested himself of the character of agent, and made the purchase on his own account. If I am right in supposing that to be what the court intended, no fault can be found with the opinion, (See Sugden, 36, 5 Lond. Ed ).
There were several errors assigned in the declaration, which need not be minutely investigated, because, as the judgment must be reversed, for other causes; the plaintiff’s counsel will have an opportunity of amending any thing which may be defective, before the cause comes' to trial again in the court below. In order to avoid cavil, I think it would be prudent to lay a positive assumption by the defendant, and to aver, that the plaintiff was seised of a good estate in fee simple. Any other errors, if errors there were, would be cured by the verdict. Upon the whole, I am of opinion, that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.