[No. 7208.   Decided July 9, 1908.]

## J. S. KANE *et al.*, *Appellants*, v. THOMAS G. BORTHWICK, *Respondent*.[1]

SET-OFF AND COUNTERCLAIM—QUIETING TITLE—JUDGMENT.  In an action to quiet title by the cancellation of a contract of sale, upon which a first payment had been made, the defendant is not entitled to set up a counterclaim for the money paid, and a personal money judgment therefor is error, although repayment might have been adjudged a condition precedent to the equitable relief sought.

VENDOR AND PURCHASER—REMEDIES OF VENDOR—TENDER—WAIVER —QUIETING TITLE—CANCELLATION OF INSTRUMENTS.  A tender of a deed is not a condition precedent to an action by vendors for the cancellation of a contract of sale as a cloud on title, where the vendees refused to accept the title, and the vendors were able and willing to perform the contract.

VENDOR AND PURCHASER—PERFORMANCE OF CONTRACT—TITLE OF VENDOR—OBJECTIONS.  It is not a valid objection to title, placing the vendor in default, that the given name "Hannah" in the chain of title was spelled with one "n" in one deed and with two in the other deed, and that as grantee her residence was given as P. county, Washington Territory, in 1870, and as grantor, B. county, Oregon, in 1880.

SAME.  It is not a valid objection to a title that the husband of the grantor who executed the deed was not named as one of the grantors, where he was named in the body of the warranty clause and covenanted that the wife was seized in fee simple.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 9, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to quiet title.  Reversed.

*Kerr & McCord* and *C. M. Miller*, for appellants.

*S. H. Steele*, for respondent.

RUDKIN, J.—On the 31st day of December, 1906, the plaintiff J. S. Kane and the defendant, Borthwick, entered

[1]Reported in 96 Pac. 516.

into the following contract for the sale of the real property therein described:

"Received of Thomas G. Borthwick two ·hundred dollars as earnest money on the purchase of the west half of lot 8, block 18, Law's Addition to Seattle, W. T. Total purchase price to be $6,200, balance of $6,000 payable on delivery of deed. I am to furnish abstract brought down to date and Mr. Borthwick to have five days in which to examine same after delivery to him or his attorney. Title to be free and clear of all incumbrances, including street assessments. In case the title is a good and marketable title and the purchaser fails to complete the purchase by paying the balance due, the $200 this day paid is to be retained by me as liquidated damages. In case the title is not good and can not be made good within thirty days, I am to return the $200. One insurance policy now on the property amounting to $1,000 is to be turned over to the purchaser and he is to pay $19.35 for the policy of $2,000 now on the property. Laundry trays now in basement to be connected and ready for use and all electric fixtures now in the house to remain there."

Soon after the execution of this contract, an abstract was prepared and delivered to the purchaser for examination. The opinion of the attorney who first examined the abstract for the purchaser is not before us, but it seems that the only defects discovered by him were a mortgage, a street assessment, and a materialman's lien against the property. The purchaser for some reason became dissatisfied with the report of this attorney and employed other counsel. The opinion of the latter is in the record and points out eleven specific objections to the title. Two of these objections were based on the following facts: The property was conveyed to Hanah R. Mason of Pierce county, W. T., by deed dated October 4, 1870, and was conveyed by Hannah R. Mason of Benton county, Oregon, by deed dated May 21st, 1880. The latter deed was also signed by P. W. Mason, who acknowledged the same before a justice of the peace as the husband of Hannah R. Mason. The name of the husband did not

appear in the granting clause of the deed, but the deed itself contained the following covenant:

"Said Hannah R. Mason and P. W. Mason covenant to and with said C. H. Spinning [the grantee] his heirs and assigns, that she is the owner in fee simple of said premises; that they are free from all encumbrances, and that she will warrant and defend the same from all lawful claims."

The objections raised and pointed out in the opinion of the examiner were:

"(1)   Instrument No. 6 is a conveyance to *Hanah* R. Mason *of Pierce Co., W. T.*, while instrument No. 7 is a conveyance by *Hannah* R. Mason *of Benton County, Oregon*. There should be proof embodied in this abstract showing grantee at No. 6 and grantor at No. 7 are one and the same person."   (2) Instrument No. 7 is a conveyance as shown in the *caption and body of the instrument by Hannah R. Mason alone*. The same instrument purports to be signed by P. W. Mason who appears from the acknowledgement to be her husband. The instrument is defective as it does not purport to convey the husband's interest."

Several conferences took place between the attorneys for the respective parties in relation to the defects in the title, and the assumption of some of the liens against the property by the purchaser was discussed. It satisfactorily appears from the entire record that the vendors were ready, able, and willing to remedy and cure all the defects pointed out except the two above referred to. These the vendors refused to remedy because they doubted their ability to do so, and the purchaser refused absolutely to accept the title or carry out the contract unless they were remedied. The contract was thereupon recorded, and this action was instituted to cancel the contract and remove the cloud from the title. The complaint alleged title in the plaintiffs, the execution of the contract of sale, the preparation and delivery of the abstract, the ability and willingness of the plaintiffs to perfect the title and carry out the terms of the contract, the refusal of the

defendant to accept the title for the reasons above stated, the recording of the contract, that the defendant claimed some interest in the property, that such claim was without right, and prayed judgment quieting title in the plaintiffs and removing the cloud caused by the record of the contract.

In addition to the denials, the answer contained two affirmative defenses and a cross-complaint. The first affirmative defense was little more than an argumentative denial of the allegations of the complaint. The second affirmative defense alleged that the plaintiffs held title to the property in trust for A. T. Low, an alien, for the purpose of evading the constitution and laws of the state of Washington. This defense was stricken on motion. The cross-complaint set forth the contract, alleged that the defendant had fully performed on his part, that the plaintiffs were in default in many particulars, specifically pointed out, and prayed judgment for the return of the $200 paid on the purchase price. The affirmative defense and cross-complaint were put in issue by reply. The court below awarded the defendant a personal judgment for the $200 paid on the purchase price, with interest, and decreed that the payment of the money judgment should operate as a satisfaction and discharge of the contract of sale. From this judgment the plaintiffs have appealed.

The first error assigned is the denial of a motion to strike the cross-complaint. In an action to quiet title, the defendant may interpose any defense he may have to the action, and may assert any right or claim he may have in or to the property involved, by answer or cross-complaint, but a mere counterclaim for a money demand is not in our opinion permissible in this class of actions. *Dinan v. Coneys*, 143 N. Y. 544, 38 N. E. 715. The motion to strike should have been granted. If it appeared that the contract had been abandoned or could not be carried out through some default of the vendors, the court might doubtless have required the repayment of the purchase money as a condition precedent to the granting of

affirmative relief, on the principle that he who seeks equity must do equity, but under no circumstances could it render a personal judgment as for a money demand.

On the principal question involved, we infer from the language of the court in deciding the case that the appellants were denied the relief demanded because of their failure to tender a deed. This conclusion was correct, unless a tender was waived. But as we have already said, it affirmatively appears that the respondent rejected the title solely because the appellants refused to cure or correct the two defects we have referred to, and if the respondent was justified in this refusal the appellants were of course in default. On the other hand, if not so justified, readiness and willingness to perform on their part would take the place of actual performance, and a formal tender was waived.

"The maxim that the law does not compel one to do vain or useless things applies to the case of tender of performance of an obligation. Hence a tender is not necessary where it appears that, if made, it would have been fruitless. The general rule may be stated as follows: An actual tender of performance may be excused when there is a willingness and an ability to perform, and actual performance has been prevented or expressly waived by the parties to whom performance is due. It appears, then, that to excuse a failure to make an actual tender, there must be an existing capacity to perform, coupled with a state of facts which establishes the futility of making the tender." 28 Am. & Eng. Ency. Law (2d ed.), p. 5.

See, also, *Griesemer v. Mutual Life Ins. Co.*, 10 Wash. 202, 38 Pac. 1031; *Sanford v. Royal Ins. Co.*, 11 Wash. 653, 40 Pac. 609.

Was the respondent justified in rejecting the title for either of the reasons assigned? The first objection, that the name "Hannah" was spelled with one "n" in one deed, and with two "n's" in another, and that she was a resident of Pierce County, Washington Territory, in 1870, and of Ben-

ton ·county, Oregon, in 1880, is both technical and frivolous.

The second objection is equally untenable.   There is some conflict of authority as to the effect of signing a deed by a party not named in the instrument, but in this case the husband was named in the body or warranty clause of the deed and covenanted that the wife was seized in fee simple; and his title, if any, would pass by estoppel if not by grant.

We are therefore of opinion that the contract was breached by the respondent, and that ability to perform, accompanied by a *bona fide* offer to perform, is all the law should require of the appellants.   The judgment is reversed, with directions to enter judgment quieting title in the appellants as prayed in their complaint.

ROOT, MOUNT, CROW, and DUNBAR, JJ., concur.

HADLEY, C. J., and FULLERTON, J., took no part.