[No. 8501. Department Two. · February 18, 1910.]

BELLE MARTIN, *Respondent*, v. FRANK PIERCE, *Appellant*.[1]

VENDOR AND PURCHASER—CONTRACT—RESCISSION—TENDER OF PERFORMANCE. Where time was of the essence of a contract to purchase land, and the vendee purchased and paid for only one-half of the property, his earnest money was credited on such purchase, and he stated that he did not desire to purchase the other half, and he did not comply with the contract within the time specified, but merely filed his contract of record two months after the time had expired, it was not necessary to a rescission by the vendors that they execute and tender a deed or demand performance, but the contract was at an end when the purchaser took half of the property and declined the balance.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered April 13, 1909, upon findings in favor of the plaintiff, in an action to quiet title. Affirmed.

*Ralph Simon*, for appellant.

*Randolph E. Hilbert*, for respondent.

MOUNT, J.—The respondent brought this action to remove a cloud from the title of certain real estate in Kitsap county.

[1]Reported in 106 Pac. 1127.

On a trial of the case a decree was entered as prayed for in the complaint. The defendant has appealed.

It appears that, in the year 1907, T. E. Davis and Mary E. Davis, his wife, were the owners of the land in controversy. In July of that year appellant entered into a contract with George C. Elms, a real estate broker, as follows:

"Manchester, Wash., July 3, 1907.

"Received of Frank Pierce, fifty dollars ($50), as earnest money in the purchase of the south half of the southwest quarter of the southeast quarter, of section 21, township 24, range 2, Kitsap county, Washington, this day sold to Frank Pierce for the sum of twelve hundred dollars ($1,200), on the following terms; one-third cash, one-third in one year, and the balance in two years from the date hereof, with the privilege of paying in full at any time, with interest at 7 per cent per annum, payable semi-annually until paid, to be secured by a first mortgage on the above described property. An abstract showing marketable title to be in the under-signed is to be delivered to the said Frank Pierce within fifteen (15) days from the date hereof, the said Pierce to have fifteen (15) days after the delivery of said abstract to him to close the deal, pay the balance of cash and execute the mortgage as herein described. In case of failure to deliver the abstract as herein provided, or in case the title of the undersigned is not marketable, then fifty dollars ($50) herein receipted for it to be returned, and this receipt cancelled. But in case of the delivery of the abstract showing marketable title in the undersigned, and the failure of the said Frank Pierce to pay the amount herein specified and to execute the mortgage herein agreed to, then the fifty dollars ($50) here-in receipted for is to be forfeited to the undersigned as liquidated damages for the nonfulfillment of the contract, time being the essence of this agreement. It is further agreed that there is to be no timber removed from the above described property until the second payment has been made, or with the consent of the present owner, T. E. Davis. (Signed) Geo. C. Elms,

"Agent for T. E. & Mary E. Davis."

Afterwards Mr. Pierce purchased one-half of the property and was credited with the $50, and there is evidence to the effect that he then stated that he did not desire to purchase

the other half of the property. He did not comply with the terms of the contract within the time. He testified that the time was extended. There was evidence on behalf of the respondent to the effect that the time was not extended, and that appellant refused to comply with the terms of the contract. On November 2, 1907, Mr. Pierce filed his contract of record. Thereafter in October, 1908, the respondent purchased from T. E. Davis and wife the north half of the property described in the contract set out above. Thereafter this action was brought to remove the cloud caused by the appellant's contract of record.

It is argued by appellant that respondent took title with notice of the contract, and that appellant is not in default therein because it is not shown that Davis and wife have executed or tendered a deed to him or demanded performance. It may be conceded that respondent had notice of appellant's claim. But there is evidence that appellant notified or stated to Davis and wife that he did not intend to comply with the contract and complete the purchase. If this is true, the contract was at an end, and no tender of a deed to him by Davis and wife was necessary. We think there is sufficient evidence of this fact in the record. Time was made the essence of the contract. It was therefore the duty of the appellant to tender payment, or at least within the time specified to notify Davis and wife of his readiness to comply with the terms of the contract. If time was not the essence of the contract, it was still the duty of the appellant to take reasonable steps to show his intention to comply with the terms of the contract by tendering payment when due or offering to perform; and if the vendor has declared a rescission, the vendee will be presumed to have acquiesced therein, unless the vendee's failure is shown to be the result of fraud, accident, or mistake. 2 Warvelle, Vendors (1st ed.), 864; *Moran & Co. v. Palmer*, 36 Wash. 684, 79 Pac. 476.

The only thing appellant did was to record his contract some two months after the time when he should have per-

formed.   It is true he testified that he offered a check in
payment of the balance of the purchase price after the time
the purchase price was due, but this is denied.   We think the
weight of the evidence is to the effect that no offer or per-
formance was made by the appellant, and that he notified the
vendee that he did not intend to do so.

The record will not justify a reversal, and the judgment
is therefore affirmed.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.