[No. 27030. Department Two. September 9, 1938.]

*In the Matter of the Estate of* CLARENCE R. BERRY, *Deceased.*

ROBERT D. HAMLIN, *as Executor, Appellant,* v. ETHEL C. BERRY, *as Executrix, Respondent.*[1]

*Robert D. Hamlin* (*Lincoln Tyler,* of counsel), for appellant.

*Raymond D. Ogden, Ward W. Roney,* and *Raymond D. Ogden, Jr.,* for respondent.

BEALS, J.—June 4, 1927, the late C. R. Berry entered into a contract with Norma DeBritz, whereby Mr. Berry

[1]Reported in 82 P. (2d) 549.

agreed to purchase a tract of land in King county for $1,850, paying $250 cash and agreeing to pay the balance at the rate of twenty-five dollars per month, together with interest on deferred payments at the rate of seven per cent per annum. A few days later, Jeannie Leveny purchased the land from Norma DeBritz, taking an assignment of the contract.

Mr. Berry died June 29, 1931, having paid upon the contract, principal and interest, sums aggregating approximately $1,266. Mr. Berry left a nonintervention will, bequeathing nominal sums to his daughter and to several adopted children, leaving all the rest of his property to his wife, Ethel C. Berry, and naming her as his executrix. The will was admitted to probate, and letters testamentary thereon issued to Mrs. Berry.

The executrix published notice to creditors, and Jeannie Leveny presented to the executrix her claim against the estate, based upon the contract above referred to, the claimant stating that there was then "justly due and owing as the balance of the purchase price the sum of $1,031.90," for which sum, with interest at seven per cent per annum from June 5, 1931, claim was made against the estate. The claim was filed, and was allowed by the executrix March 7, 1931. A copy of the original contract and the assignment thereof was filed with the claim. The estate was declared solvent, and the executrix was authorized to administer the same without the intervention of the court.

July 5, 1933, Jeannie Leveny caused to be served upon Ethel C. Berry a "notice of intention to declare a forfeiture," directed to Mrs. Berry individually and as executrix. The notice, after reciting the making of the contract and its terms, continued by advising Mrs. Berry that default had been made in the payment of installments due under the contract, the last payment thereon having been made June 28, 1931, and that

subsequent installments in the sum of $1,031.90, with interest at seven per cent per annum from June 5, 1931, were due and owing, "together with delinquent taxes against the said premises." The notice further required that the delinquent installments in the amount above referred to, together with delinquent taxes, be paid within ten days from and after the date of the service of the notice, and stated that, in the event of failure to make such payments, Miss Leveny would "elect to forfeit, determine and wholly end your interest in the said described premises and the whole thereof," and would retain all payments made as liquidated damages.

After service of this notice, some negotiations were entered into between the attorneys for the respective parties, with a view toward adjusting the matter by delivering to Miss Leveny a quitclaim deed from Mrs. Berry, but no such plan was ever carried into execution. The matter then rested, Mrs. Berry neither making any payment on the contract nor paying taxes, and Miss Leveny neither paying taxes nor taking any further steps in the matter, until December 28, 1936, when Miss Leveny, through her counsel, filed in the probate proceeding an application for a citation, directing Mrs. Berry to appear before the superior court and file an account as executrix.

The citation was issued and served upon Mrs. Berry, who filed a report as executrix of her husband's will. Upon a hearing, it was demonstrated that this report was incorrect, and Mrs. Berry admitted that she had received, as executrix, a considerable sum by way of royalties on a coal property which she had leased. Miss Leveny asked that her claim be paid, and that Mrs. Berry be removed as executrix. After a full hearing, the court entered an order reciting the making of the real estate contract above referred to, the transfer

of the vendor's interest therein to Miss Leveny, the filing of the claim by her against Mr. Berry's estate and the allowance thereof by the executrix, the service of the notice of forfeiture by Miss Leveny, and that

"Ethel C. Berry, executrix herein, relied upon said notice of forfeiture and relied upon the release from liability under said contract of purchase, acquiesced in said forfeiture and abandoned said property to Jeannie Leveny; that after the service of said notice of forfeiture said Ethel C. Berry, executrix herein, made no further payments on account of said contract, either principal, interest, taxes or otherwise; that thereafter said executrix in no way exercised dominion or control over said property, the same being vacant, unimproved and unoccupied. . . .

"That following the service of the notice of forfeiture hereinabove described no further steps were taken by said Jeannie Leveny, or anyone in her behalf, of any kind or character until at or about the 30th day of December, 1936."

The court concluded that Jeannie Leveny had elected to forfeit the real estate contract; that Mrs. Berry had acquiesced in the forfeiture and abandoned the property to Miss Leveny; that the latter had abandoned her claim against the estate; and that this claim should be disallowed. The court then ordered that the citation issued to Mrs. Berry be dismissed with prejudice, and denied Miss Leveny's motion for a new trial and judgment notwithstanding the decision of the court.

Miss Leveny died at about the time of the hearing, and Robert D. Hamlin, as executor of her will, was substituted as party to the proceeding in her place. From the order which the court entered, Mr. Hamlin, as executor, has appealed.

Appellant assigns error upon the refusal of the court to allow the claim filed by Jeannie Leveny; upon the dismissal of the citation with prejudice; and upon the

refusal of the trial court to grant appellant any relief in the premises.

As found by the court, the land covered by the contract is, and at all times after the signing of the contract has been, vacant and unoccupied. The basic question presented on this appeal is whether or not, at the time of the hearing in August, 1937, Jeannie Leveny was a creditor of the estate of C. R. Berry, deceased. If she was then such a creditor, appellant is entitled to a reversal of the order appealed from.

By presenting the claim against the estate March 7, 1932, Miss Leveny elected to affirm the contract and demand payment of the balance due thereunder. By allowance of the claim, the executrix agreed that the amount demanded was justly due. As long as the situation remained unchanged, Miss Leveny was in no position to demand possession of the land or assert any right under the contract, save her demand for the balance of the purchase price.

It is necessary, then, to consider the legal effect of the notice of intention to declare a forfeiture, which Miss Leveny caused to be served upon the executrix during the month of July, 1933. By this notice, Miss Leveny demanded that the delinquent installments, naming the total amount thereof in the same figure as that for which she had presented her claim, together with interest thereon and delinquent taxes, be paid within ten days from and after the date of the service of the notice, further advising the executrix that, in the event of her failure to make these payments within the specified time, "the undersigned will elect to forfeit, determine, and wholly end your interest in the said described premises and the whole thereof," and that the payments made would be retained as liquidated damages.

It does not appear that any further notice of for-

feiture was ever served by Miss Leveny upon the executrix. Evidently, it was assumed on the trial that this demand and notice amounted in law to a notice of forfeiture, for the required payments were not made, and it is not contended that any further notice was necessary to accomplish a forfeiture. Whether or not, under the case of *Drumheller v. Bird,* 170 Wash. 14, 15 P. (2d) 260, any further notice was necessary need not be decided, and upon that question we express no opinion.

In the claim which she filed, verified September 17, 1931, Miss Leveny stated that "there is now justly due and owing as the balance of the purchase price the sum of $1,031.90," with interest from June 5, 1931. In her notice of forfeiture, dated July 5, 1933, sometime after all payments called for by the contract fell due thereunder, she fixes the same amount as comprising "the delinquent installments remaining due against the said premises." According to the terms of the contract, the entire purchase price of the property would fall due sometime prior to July 1, 1933, and the record contains no intimation that such was not the case. It must, then, be assumed that, at the time of the service of the notice, the entire purchase price of the property, according to the contract, was past due. It nowhere appears that Miss Leveny at any time tendered to the executrix of Mr. Berry's estate a deed conveying the premises described in the contract. We have, then, simply a demand for the payment of sums due and delinquent under the contract, under penalty of forfeiture, made at a time when the entire purchase price of the property was past due, without any tender of a deed.

In the recent case of *Crim v. Watson, ante* p. 99, 82 P. (2d) 172, this court declared the rule to be that "after final payment is due upon a time contract for the sale of land, neither party can put the

other in default without tender of performance," citing and quoting from several authorities in support of the principle stated, including the case of *Davis v. Downie Inv. Co.*, 179 Wash. 470, 38 P. (2d) 215, recently decided by this court sitting *En Banc*, which case clearly supports the rule.

Applying the doctrine of these cases to the question here presented, it seems clear that, in July, 1933, Miss Leveny was under the necessity of tendering a deed in connection with any declaration of forfeiture which she might desire to make, assuming that, under the facts as then existing, she had the right to declare a forfeiture. In any event, the notice of forfeiture without the tender of a deed, the entire purchase price under the contract being past due, was a mere nullity, and had no effect upon the relations of the parties one to the other.

The trial court, as above stated, found that the executrix relied upon the notice of forfeiture and acquiesced therein, and abandoned the property to Miss Leveny, but the record fails to disclose any evidence whatever which would support a finding that any estoppel ever arose in favor of the executrix. The land was vacant and unoccupied, and no change whatever in the possession thereof took place. Apparently, the executrix had paid no taxes on the land before the declaration of forfeiture, and she paid none thereafter; neither had she made any payments on the contract. Of course, if the negotiations between the parties had resulted in the execution by the executrix of a quitclaim deed to Miss Leveny, and the acceptance of such a deed by the grantee, an entirely different situation would be presented, but there is no evidence that the executrix in any wise changed her position for the worse by reason of the service of the notice of forfeiture. Her acquiescence in the forfeiture was passive

merely, and her abandonment of the property was apparently no more than a mental process.

The parties argue at considerable length the matter of election of remedies, respondent contending with considerable force that a party who has chosen inconsistent remedies cannot, at some later date, himself elect that he will pursue the first and abandon the second. It is, however, an established rule that the doctrine of election of remedies does not apply in cases where the acts relied upon as one of the remedies alleged to have been chosen, had no legal effect, and in law amounted to nothing.

In the case of *Babcock, Cornish & Co. v. Urquhart,* 53 Wash. 168, 101 Pac. 713, the rule is stated as follows:

"It seems well settled that the doctrine of election of remedies has no application when the remedy chosen is not available, and we think a remedy is not available when there is a good defense to it. Whether or not the defense is invoked or waived does not change the election."

Respondent relies upon the case of *Croup v. Humboldt etc. Co.,* 87 Wash. 248, 151 Pac. 493, L. R. A. 1918A, 537. This was an action upon a promissory note executed by the defendants in favor of the plaintiff. Defendants pleaded that the note was given in payment of an installment of the purchase price of a group of mining claims, sold under a contract which provided for a forfeiture in the event of the vendee's failure to pay any installment of the purchase price when due, and that, when the note sued upon became due, the vendor did declare a forfeiture. By way of a reply, the plaintiff pleaded that, while he did give a written notice of forfeiture, he at the same time informed the defendants that he would not insist thereon, that thereafter defendants retained possession of the mining claims under the contract, and that the contract

was recognized by both parties as in force. A judgment in favor of the defendants was by this court affirmed, it appearing that, two days after the note fell due, the plaintiff had served a notice of forfeiture of the contract; that thereafter defendants attempted to procure an extension of time, which was refused; that defendants did not pay the note within the period of grace which the plaintiff testified he extended to them concurrently with the notice of forfeiture; and that, after failing to obtain a new contract, the defendants abandoned possession of the mining claims. The facts shown amounted to a mutual rescission of the contract, and the judgment of the superior court in favor of the defendants was properly affirmed.

The facts shown in the case cited are no wise analogous to those here present. In the case at bar, the property was at all times vacant and unoccupied, and it is admitted by both parties that the attempts which were made to effect a mutual rescission, by the delivery of a quitclaim deed from respondent to Miss Leveny, were unsuccessful.

The situation presented in the case at bar, in so far as the attempted forfeiture of the contract is concerned, closely resembles that presented in the case of *Crim v. Watson, supra.* In neither case does it appear that the vendor's title to the real estate covered by the executory contract was defective. In each case, the entire purchase price of the property was past due when a notice of forfeiture was given by the vendor, without the tender of a deed. In the case cited, it was sought to make this notice the basis for an action of rescission, which this court held could not be done.

It is, then, the rule in this jurisdiction that such a notice of forfeiture as was served by the vendor, the entire purchase price under the contract being past due, is a mere nullity, unless at the same time a good

and sufficient conveyance of title be tendered to the grantee.

We find no basis in the record for holding that any estoppel has arisen in respondent's favor which justifies the order appealed from.

For the reason stated, the order appealed from is reversed, with instructions to the trial court to proceed in accordance with the views herein expressed.

BLAKE, MILLARD, MAIN, and ROBINSON, JJ., concur.