[No. 27187.    Department Two.    September 26, 1938.]

JOHN E. PARCHEN, *as Executor, Respondent,* v. LEXE M. ROWLEY *et al., Defendants,* LESTER R. BARLOW, *Appellant.*[1]

*Stephen E. Chaffee,* for appellant.

*O. L. Boose,* for respondent.

BLAKE, J.—Nettie D. Parchen instituted this action, ostensibly to quiet title to a tract of land at Grand-

[1]Reported in 82 P. (2d) 857.

view, in Yakima county. Actually, the purpose of the action was to cancel a contract for the purchase of the property, held by defendant Barlow, as vendee. From judgment for plaintiff, Barlow appeals.

What we deem to be the controlling facts in the case are not in dispute. March 30, 1929, Rowley, then the owner of the land, entered into a contract, which was filed for record April 6, 1929, to sell the property to Barlow for nine hundred dollars, payable twenty-five dollars a month, inclusive of interest. Barlow entered into possession of the land, and made improvements thereon.

March 19, 1932, Barlow leased the property to one Hogue for one year. In the meantime, the property had been conveyed to George W. Parchen. By mutual agreement, the rent paid by Hogue went to Parchen, to be applied upon payments due from Barlow under his contract to purchase. The amount so paid by Hogue and credited by Parchen on the Barlow contract amounted to $149.20. In addition, it is conceded that Barlow paid $138.33, on account of payments due under the contract. Barlow claims to have paid more, but the trial court was not persuaded by his testimony in this respect, and neither are we.

After Hogue's lease expired, Pratt, a son-in-law of Parchen, moved onto the place with his family, and remained there until the latter part of 1934. In the meantime, Parchen died. His estate was probated, and a decree of distribution was entered December 1, 1934, in which Nettie D. Parchen, his widow, was decreed to be the owner of the property. On December 10, 1934, she entered into a contract to sell the property to one Homan.

During the pendency of the probate of George W. Parchen's estate, however, the executor, at the request of Barlow, submitted a statement of the balance due on the contract. In this statement, the executor cred-

ited Barlow with $180, as rent received from Pratt. At about the time this statement was rendered, Barlow, on account of illness of Mrs. Barlow, moved his family to Arizona. Mrs. Barlow died in the latter part of 1935. Shortly after her death, Barlow, with his children, moved back to Grandview. At no time was there ever a forfeiture declared or a deed tendered by Parchen, his executor, or heir. Nor did Barlow ever tender payment.

In the spring of 1937, however, through his attorney, Barlow advised Mrs. Parchen that he was ready and able to pay the balance due under the contract, and would "ask for a conveyance." Her response was this action to quiet title and cancel the contract. She died pending the action. The executor of her estate has been substituted as plaintiff.

The theory of the respondent, as we understand it, is that there was an abandonment of the contract by Barlow and/or a forfeiture by Mrs. Parchen, or her late husband. It is alleged in the complaint that,

". . . about the month of October, 1930, . . . Barlow . . . abandoned said real estate . . . and that none of said parties have been in possession of said real estate at any time subsequent thereto nor have said defendants . . . made any payments . . . at any time subsequent thereto."

Yet, as we have seen, subsequent to that time, the rentals from Hogue and Pratt were credited on the contract. As late as October, 1934, the executor of the estate of George W. Parchen recognized the contract as being in force.

And, indeed, under the well established rule in this jurisdiction, he could not do otherwise. For the final payment under the contract having become due, he could not claim a forfeiture without tendering a deed. *Hogan v. Kyle,* 7 Wash. 595, 35 Pac. 399, 38 Am. St. 910; *Stein v. Waddell,* 37 Wash. 634, 80 Pac.

184; *Reese v. Westfield*, 56 Wash. 415, 105 Pac. 837, 28 L. R. A. (N. S.) 956; *Gottschalk v. Meisenheimer*, 62 Wash. 299, 113 Pac. 765, 115 Pac. 79. The rule is stated in Warvelle on Vendors (2d ed.), § 816, as follows:

"Ordinarily a vendor is not bound to make any offer of performance or to tender a deed before declaring a forfeiture. The contract gives him the option of an election which he may exercise in his discretion on the failure of the vendee to comply with the terms of the agreement when time is of the essence. But it would seem, even where time is made of the essence of the contract, that if all of the payments are due and the vendor has failed to exercise his right to declare a forfeiture for default in making payments, he must first offer to perform before declaring same. The silence or inaction of the vendor must be regarded as a waiver of his rights, and the payment of the purchase money and tender of conveyance would become concurrent acts, and a deed should be executed and tendered to the vendee together with a demand for payment. If the vendee then refused to pay for the land and accept the deed, a clear right to terminate the contract by forfeiture would exist.

"And the same rule would apply with even stronger force in a case where the vendor never exercised the right to declare a forfeiture in his life-time, though the payments had all matured, and after his death his heirs declared the contract forfeited for non-payment. They must show that they were prepared to make the conveyance; and they could not legally declare a forfeiture without showing that they had offered to convey the land or that they were ready and able to convey, as required by the contract."

And again, § 818:

"Lapse of time alone will not put an end to a contract for the sale of land conditioned to be void at the election of the vendor upon the failure of the vendee to fulfill the covenants, conditions and agreements thereof; for time is not of the essence of the undertaking to pay money by such a contract, and default

in payment must be followed by some act of the vendor indicating his election to consider the contract at an end. Notwithstanding the vendee may be in default, yet if the vendor does not see fit to exercise his option of forfeiture, the contract will remain in full force; and even if time is of the essence of the contract, the vendor may waive the forfeiture by continuing and acting upon the contract."

Certainly, under the undisputed facts, there was no abandonment of the contract by Barlow prior to October, 1934. He never repudiated the contract, nor refused to carry it out—although it is claimed he made the statement he could not pay the balance due. This alone, however, cannot be construed as an offer to rescind or a declaration of abandonment. Appellant cannot be deprived of his legal rights under the contract by a casual remark of that sort. Had the statement been accompanied by surrender of possession of the property, a different situation would be presented. But it is to be remembered that, when appellant moved off the property, he did not surrender possession to Parchen. He remained in possession through his tenant, Hogue. Nor was there any change in the status of the contract after October, 1934, by reason of any act or conduct on his part. While he did not tender performance, neither did he, by word or conduct, thereafter manifest an intention to abandon the contract. His status under the contract remained exactly the same until December 10, 1934, when Mrs. Parchen entered into the contract to sell the property to Homan. By that act, she herself breached the contract and relieved Barlow of the necessity of tendering payment. *Gibson v. Rouse*, 81 Wash. 102, 142 Pac. 464; *Ihrke v. Continental Life Ins. & Inv. Co.*, 91 Wash. 342, 157 Pac. 866, L. R. A. 1916F, 430. This breach on her part gave rise to a cause of action for rescission in favor of Barlow. *Lawson v. Sprague*, 51 Wash. 286, 98 Pac. 737; *Gibson v. Rouse, supra; Ihrke*

*v. Continental Life Ins. & Inv. Co., supra; Finch v. Sprague,* 117 Wash. 650, 202 Pac. 257.

Appellant, in his cross-complaint, prays for specific performance, or

". . . in the event the plaintiff is unable to convey a good merchantable title . . . the defendant have and recover judgment against the plaintiff for all sums paid [on the contract], also all improvements placed thereon since he purchased said premises."

Clearly, he cannot have specific performance, because the respondent, by contracting to sell the property to Homan, put it out of her power to convey to appellant. But the latter alleged and proved facts which entitle him to rescind, under the rule laid down and applied in the cases last above cited.

He insists that the measure of his recovery is what he paid on the contract and the reasonable value of the improvements he placed upon the property. But we think, under the facts disclosed by this record, the appellant's measure of recovery is defined in *Crawford v. Smith,* 127 Wash. 77, 219 Pac. 855, as follows:

"An examination of the authorities reveals that, in different jurisdictions, there are different measures of damages in actions of this nature. But this court is committed to the view — as are many others — that, under such circumstances as here, the proper measure of damages is the return of the amount which has been paid on the contract, with interest, together with the enhancement of the value of the property caused by the improvements reasonably and necessarily made by the vendee while in possession."

Respondent contends that in no event is appellant entitled to judgment, because he did not file a claim against the estate of George W. Parchen. We think it is plain, however, that appellant never had a claim against Parchen's estate. The contract was breached, not by Parchen, but by his heir—the original plaintiff in this action.

The judgment is reversed, and the cause remanded with directions to ascertain the amount the property has been enhanced in value by the improvements made by appellant, and enter judgment in that amount, without interest (*Gregory v. Peabody,* 153 Wash. 99, 279 Pac. 102), plus the amount paid on the contract, with interest from dates of payment.

BEALS, MILLARD, and ROBINSON, JJ., concur.

STEINERT, C. J. (dissenting)—After a careful reading of the record in this case, I come to the same conclusion as that at which the trial court arrived, as indicated in its remarks during the final argument and in its memorandum opinion. The substance of the court's views, with which I am in accord, is as follows: (a) Appellant's testimony is not to be believed. (b) When the final payment on the contract matured, there was owing by appellant a total sum of from $710 to $800, which appellant was wholly unable to pay, and so stated. (c) A tender of a deed to appellant would have been a wholly useless and futile thing, because appellant could not possibly have paid the amount due and owing from him; a tender of a deed was therefore unnecessary. *Kane v. Borthwick,* 50 Wash. 8, 96 Pac. 516, 18 L. R. A. 486; *Zane v. Hinds,* 136 Wash. 352, 240 Pac. 6; *Weisberger v. Smith,* 175 Wash. 292, 27 P. (2d) 324. (d) Appellant was given an opportunity to pay up the delinquent installments before the contract with the subsequent purchaser of the land was entered into, but appellant was unable, and failed, to pay up the delinquency. (e) Appellant abandoned the contract, and it was only when this action to quiet title became imminent that he displayed any interest in the matter.

I think the decision in this case is illogical, inequitable, and wrong. I dissent.