[No. 33388.   Department Two.   December 29, 1955.]

# W. E. KIRBY et al., *Respondents*, v. BEATRICE B. WOOLBERT et al., *Appellants*.[1]

[1]Reported in 291 P. (2d) 666.

142

*Bell, McNeil & Bowles*, for appellant Woolbert.

*Walthew, Oseran & Warner*, for appellant Washington Escrow Company.

*Hughes, Dunn & Allison*, for respondents.

ROSELLINI, J.—This suit was instituted by the vendee of a real-estate contract to recover from the vendor an amount alleged to have been paid in excess of the purchase price. Judgment was also sought against the Washington Escrow Company, alleged to have paid out the amount in violation of the vendee's instructions. The cause was tried to the court. Judgment was entered for the plaintiffs against both defendants, and the defendant Washington Escrow Company was given judgment over against the defendant executrix for any amount which it might be required to pay to the plaintiffs. Both defendants have appealed.

On motion of the respondents, the statement of facts was stricken for failure to comply with the provisions of Rule on Appeal 34, 34A Wn. (2d) 36, and a petition for rehearing was denied. The only question before the court, therefore, is whether the findings of fact support the conclusions of law and judgment. *Young v. Smith*, 40 Wn. (2d) 227, 242 P. (2d) 177 (1952).

The material facts found by the trial court are as follows: In 1946, the respondents entered into a contract with one Fred Hall, wherein they agreed to purchase a tract of land in Snohomish county, paying $2,750 cash, and the balance of the purchase price in the amount of $5,000 to be paid in semiannual installments of $300 each, with interest. Fred Hall died in 1950, and his sister, appellant Beatrice B. Woolbert, his sole beneficiary, was named executrix. We will hereafter refer to her as the executrix. On December 1, 1951, the respondents being in arrears, a modification agreement was entered into, whereby a different arrangement for the payment of the balance of $3,960.52 was agreed upon.

While in arrears under this agreement, the respondents undertook to sell the property to one Bert J. Sutherland and wife for $10,000 cash. They apprised the executrix of

this fact, and she agreed to co-operate, accepting, on June 20, 1952, a $300 payment in exchange for her agreement to extend the time for making the final payment of $3,960.52 to September 1, 1952. The sale to the Sutherlands was not completed by that date, but on September 5, 1952, they were given possession. Previously, on August 12, 1952, the respondents had placed their deed with the appellant Washington Escrow Company, hereinafter referred to as the escrow company, with instructions to deliver the deed to the Sutherlands upon receipt of the $10,000, and to pay all encumbrances on the property before paying the balance over to the respondents.

After the Sutherlands had taken possession of the property, but before they had paid the purchase price, the executrix demanded an additional $1,500 from the respondents, which they refused to pay. No notice of forfeiture was served on the respondents after June 20, 1952, nor was any tender of deed ever made to them after the final payment of $3,960.52 on the real-estate contract became due.

On February 28, 1953, the executrix executed and, on March 6, 1953, delivered to the escrow company her deed to the respondents; and on May 18, 1953, the escrow company, after paying all expenses, paid from the proceeds of said sale the sum of $5,896.25 to the executrix, without notifying or consulting the respondents, who learned about this payment on May 20, 1953. The balance due on the contract at that time was $3,960.52 with interest at four per cent per annum from December 1, 1951, or a total of $4,209.90, being $1,686.35 less than the amount paid. The excess was paid by the escrow company by mistake and upon the representation of the executrix' attorneys that the amount was due her. Though demand was made by the respondents, the appellants refused to pay over this amount.

According to these findings, under the various agreements, the binding effect of which is not questioned by the appellants, the final payment was due on September 1, 1952. After that date, the executrix did not tender a deed, nor did she declare a forfeiture, until the balance of the purchase

price was made available to her. She contends, nevertheless, that she was entitled to demand an additional sum in exchange for her performance after the final payment became due; in other words, that the respondents were in default and the contract was at an end.

As we said in *Crim v. Watson*, 196 Wash. 99, 82 P. (2d) 172 (1938) and in *In re Berry's Estate*, 196 Wash. 252, 82 P. (2d) 549 (1938), after the final payment is due upon a time contract for the sale of land, neither party can put the other in default without a tender of performance. The rule was again recognized in *Parchen v. Rowley*, 196 Wash. 340, 82 P. (2d) 857 (1938), and in *Gillmore v. Green*, 39 Wn. (2d) 431, 235 P. (2d) 998 (1951).

Applying this rule to the facts of this case, the contract was still in full force and effect when the final payment was made, and the executrix was entitled to receive no more than the balance due under the contract. To the extent that she was paid in excess of this amount, she was unjustly enriched, and the trial court correctly entered judgment against her.

The findings also reveal that the escrow company made this payment of $1,686.35 contrary to the respondents' instructions, which were to pay all encumbrances against the property; and for this breach of its undertaking, it is liable to the respondents. However, the payment having been made through mistake and in reliance on the representation of the executrix' attorneys, judgment was properly given in favor of the escrow company against the executrix for any amount which it may be called upon to pay in satisfaction of the respondents' judgment.

Since the debt was liquidated, there is no merit to the executrix' contention that interest should not have been awarded from the date of demand. *Mall Tool Co. v. Far West Equipment Co.*, 45 Wn. (2d) 158, 273 P. (2d) 652 (1954).

The judgment is affirmed.

HAMLEY, C. J., HILL, DONWORTH, and WEAVER, JJ., concur.