[No. 8115. Department One. June 22, 1909.]

## C. L. Christy, *Respondent*, v. Frank Baiocchi *et al.*, *Appellants.*[1]

Vendor and Purchaser—Contract—Forfeiture—Excuse for Default. An initial payment on a land contract is not forfeited by failure to make a second payment on the date set, when the vendors were out of the state at the time it was due.

Same—Mutual Covenants—Demand. The provisions of a land contract providing for a second payment at a specified time, and that deed should be given on such payment, are mutual and concurrent, and the vendor cannot declare a forfeiture without demand and tender of a deed.

Appeal from a judgment of the superior court for King county, Griffin, J., entered June 13, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for breach of contract. Affirmed.

*Blaine, Tucker & Hyland,* for appellants.

*Martin J. Lund* (*Vince H. Faben,* of counsel), for respondent.

Rudkin, C. J.—On the 20th day of March, 1907, the plaintiff and the defendants entered into a contract whereby the defendants agreed to convey to the plaintiff certain real property therein described for the consideration of $15,000, to be paid as follows: $2,000 cash, the receipt of which was acknowledged; $5,500 on September 20, 1907; and $7,500 on September 20, 1908, with interest on deferred payments at the rate of 7 per cent per annum until paid. It was further agreed that if the payment of $5,500 was made on or before September 20, 1907, the purchaser would be let into the immediate possession of the premises, and should execute and deliver to the defendants his promissory note for the sum of $7,500, with interest at the rate of 7 per cent per annum, payable on or before September 20, 1908, and secured by a pur-

[1]Reported in 102 Pac. 752.

chase money mortgage. It was also agreed that the net rental of the premises should be credited on the purchase price from the date of sale, that time was of the essence of the contract, etc. The complaint alleged, the execution of this contract; that the defendants left the state before September 20, 1907; that the plaintiff made diligent search and was unable to find them or their whereabouts until September 30, 1907; that on the last-mentioned date the plaintiff tendered to the defendants the sum of $5,500 with interest (less the net rental on the premises from the date of sale), together with a note secured by mortgage in the sum of $7,500, and demanded a deed; that defendants refused to accept the tender or deliver the deed; that on the 20th day of September, 1907, the premises were of the value of $20,000, and prayed judgment for the sum of $7,000.

The answer admitted the execution of the contract, denied the tender, and alleged affirmatively that the defendants elected to declare a forfeiture of the contract, and all payments made thereunder, for failure on the part of the plaintiff to make the payment due September 20, 1907, and so notified the plaintiff. Trial was had before a jury, and from a judgment entered upon a verdict of $2,000 in favor of the plaintiff, the present appeal is prosecuted.

Inasmuch as both parties claim that the contract was terminated, the appellants by failure to make the payment of $5,500 due September 20, 1907, and the respondent by the refusal of the appellants to execute a deed on September 30, 1907, we will accept the termination of the contract as an established fact and adjust the rights of the parties on that basis. There is manifestly no foundation for the claim that the initial payment of $2,000 was forfeited for failure to make the further payment due under the contract on September 20, 1907. In the first place, the appellants were absent from the state when the money became due, so that no tender or demand could be made, and in the second place, the covenant to pay and the covenant to deliver the deed

were mutual and concurrent, and a forfeiture could not be declared without first tendering a deed and demanding the purchase money due. *Stein v. Waddell,* 37 Wash. 634, 80 Pac. 184; *Tacoma Water Supply Co. v. Dumermuth,* 51 Wash. 609, 99 Pac. 741, and cases there cited. If the contract was terminated and the $2,000 paid under its provisions not forfeited, the right of the respondent to recover that sum would seem to follow as a matter of course.

The judgment of the court below is therefore affirmed.

CHADWICK, GOSE, MORRIS, and FULLERTON, JJ., concur.