C. E. GOLLY, Appellant, v. GRINNELL COLLEGE FOUNDATION,
Appellee.

**VENDOR AND PURCHASER:** Rescission of Contract—Rescission by
1 Purchaser. *Mere* shortage in the acreage of land contracted for
does not, constitute grounds for *rescission* of the contract.

**VENDOR AND PURCHASER:** Rescission of Contract—Shortage in
2. Acreage—Effect. A vendor of land is not in. default under his con-
tract of sale simply because he declines to make any allowance for a
shortage in acreage, even though subsequent examination revealed the
fact that there was such shortage.

Headnote 1: 39 Cyc. p. 1416. Headnote 2: 39 Cyc. p. 1416.

Headnote 1: 27 R. C. L. 645.

*Appeal from Emmet District Court.*—JAMES DE LAND, Judge.

APRIL 5, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action in equity for an accounting and to recover the con-
sideration paid on a contract for the purchase of real estate.
Decree dismissing the petition, and judgment against plaintiff
for costs. The plaintiff appeals.—*Affirmed.*

*Heald, Cook & Heald,* for appellant.

*McCarty & McCarty* and *J. G. Shifflet,* for appellee.

STEVENS, J.—This is an action in equity by the vendee for
an accounting, and to recover the portion of the purchase price
paid on contract to purchase the east half of Section 22, Town-
ship 29, Range 33; Clay County, Iowa. The
consideration expressed in the contract, which is
dated September 29, 1917, is $51,200, payable as
follows: $1,000 on the execution of the contract;
$3,000 March 1, 1918; and a like sum March 1, 1919, and
March 1, 1920, at which time a warranty deed was to be exe-
cuted. The land was subject to a mortgage for $24,000, payable

to the State Savings Bank of Council Bluffs, Iowa, which would become due June 1, 1922. A second mortgage payable in 15 years was to be executed by the vendee to appellee, to secure the balance of the purchase price. All of the payments required by the contract were made, up to March 1, 1922, but on that date the execution of the deed and other instruments required by the contract was, by mutual agreement, deferred until June 1, 1922, when the first mortgage would have to be renewed. Prior to the latter date, appellant discovered that there was a substantial shortage in the number of acres in the tract, and sought an adjustment with appellee therefor. Appellee at all times refused to admit a shortage in acreage, and declined to abate the purchase price in any amount on account of such shortage. If not conceded by appellee, a substantial shortage in the number of acres in the tract is clearly established by the evidence. The price agreed upon was $160 per acre, and appellant was entitled to a *pro tanto* reduction in the purchase price. The amount which appellant claims to have expended, and for which he seeks recovery, less the rental value of the land for the time he had possession thereof, is $23,659.15. Included in the above sum are payments on the contract, taxes (including drainage assessments), interest, repairs, and improvements on the land. Appellant entered into possession of the land March 1, 1918, and continued therein until sometime in the fall of 1923, receiving full rental for four years and a portion thereof for 1923. Appellee was at all times ready, able, and willing to consummate the contract and to convey the land according to the description contained therein, upon payment of the full agreed consideration; likewise, appellant claims that he was ready, able, and willing to carry out the terms of the contract on his part, upon condition that appellee allow him a *pro tanto* reduction in the purchase price for the shortage. As stated, appellee at all times declined to do this. Appellant finally declined to pay further taxes and interest on the $24,000 mortgage until his claim was allowed. This resulted in the service upon him by appellee, on or about March 12, 1923, of a notice of intention to forfeit the contract. In due time, appellee resumed possession of the land. This action was commenced in August, 1925.

The theory upon which appellant asks an accounting and

a recovery of the sums expended by him is that appellee, when the notice of forfeiture was served, was not entitled to terminate the contract, and that its attempt to do so, which was acquiesced in by appellant, constituted a mutual rescission of the contract.

All of the questions presented for decision are fully settled against the contention of appellant by the prior decisions of this court. Appellee was in default only if appellant had a

2. VENDOR AND PURCHASER: rescission of contract: shortage in acreage: effect.

right to demand an abatement of the purchase price on account of the alleged shortage in the tract, as a condition precedent to performance on his part. Appellant saw the land and was shown the boundaries thereof before the contract was executed. Both parties then assumed that it contained 320 acres. Appellant, therefore, knew the exact tract he was to get, and the minds of the parties met on the subject-matter of the contract. Appellant was, however, entitled to a *pro tanto* reduction in the purchase price of the land on account of the shortage in acreage, at the rate of $160 per acre. He was not bound to pay the full purchase price for the land, but his remedy was in equity, to reform and to specifically enforce the contract. Mere shortage in acreage is not a ground for the rescission of a contract to convey land. *Henn v. McGinnis*, 182 Iowa 131; *Capps v. Clark*, 196 Iowa 758. This being true, appellee was not in default because of its refusal to allow or adjust the shortage, and its right to a forfeiture of the contract matured when appellant declined to pay the taxes and interest according to the terms of the contract.

On the question of the right of a vendee to demand rescission of a contract to purchase real estate upon the ground of a shortage in area, there is some conflict in the authorities. It is held in some jurisdictions that rescission may be had if the shortage is so great or of such a character as to indicate that the minds of the parties did not meet on the subject-matter of the contract, so that it never went into effect. *Railey v. Roberts* (Ky.), 109 S. W. 903; *Newton v. Tolles*, 66 N. H. 136 (19 Atl. 1092, 9 L. R. A. 50); *Weitzel v. Leyson*, 23 S. D. 367 (121 N. W. 868); *Kares v. Covell*, 180 Mass. 206 (62 N. E. 244).

A careful analysis of the foregoing cases will disclose, however, that the right of rescission was not, in a majority of them, based alone upon a shortage in area. No doubt there might be

such a shortage in the area of a tract as to justify rescission. *Capps v. Clark*, supra.

It is manifest that appellee at no time by its action sought or contemplated a rescission of the contract. On the contrary, the service of the notice of an intention to forfeit the contract under the statute was a definite assertion of its election to rely thereon, and to demand full performance of its terms. *McLain v. Smith*, 201 Iowa 89; *Mintle v. Sylvester*, 202 Iowa 1128.

The contract was, therefore, terminated by forfeiture, and not by rescission. The remaining matters discussed by counsel are subsidiary only to the decisive questions in the case, and need not be discussed. The conclusion of the trial court is in harmony with the law by which the rights of the parties must be determined, and its decree and judgment is affirmed.— *Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.

MORLING, J., took no part in the decision of this case.