[Civ. No. 4579.   Third Appellate District.—December 7, 1932.]

BANK OF AMERICA OF CALIFORNIA (a Corporation), Respondent, v. GENE RIES et al., Appellants.

Benjamin W. Shipman for Appellants.

Freston & Files and Ralph E. Lewis for Respondent.

TUTTLE, J., *pro tem.*—This is an appeal from a judgment quieting plaintiff's title to real property.

On March 5, 1924, plaintiff's predecessor in interest agreed in writing to sell a certain lot in Los Angeles County to defendants Gene Ries and Mae Laurel. The latter assigned her interest in the contract to defendant Stan Laurel. The total purchase price was $4,500, payable as follows: $1125 upon the execution of the agreement, and the balance in installments of $1125 each, due in six, twelve and eighteen months from the date of the contract. The buyer agreed to pay all taxes levied against the property. Time was of the essence of the agreement, and in the event the buyer failed to comply with any of the terms, the seller could declare all rights forfeited and retain any money paid thereon. With the exception of the initial payment, no further payments were made upon the contract. On September 12, 1925, and subsequent to the date of the maturity of the contract, defendant Stan Laurel executed an assignment on the back thereof to plaintiff's predecessor, with the proviso that it was not to take effect until the sum of $360 had been deposited to the credit of Laurel. On September 18, 1925, defendant Ries executed a similar assignment. These assignments were executed upon the premises of the bank (plaintiff's predecessor) and were left with the bank. There is no evidence in the record that the bank ever accepted them. On the contrary, an officer of the bank testified that the assignments were not accepted nor were any payments ever deposited to the credit of the assignors. The court so found.

The trial court found that defendants had no right, title or interest in the property, and a decree was entered quieting the title of plaintiff.

The complaint is in the usual and ordinary form of a quiet title action. The answer contains only one denial—"that the claim and interest asserted by them (defendants) in and to the property recited in plaintiff's complaint is without right". It is then alleged that defendants have a

right and title to said property by reason of said agreement. It is further alleged that plaintiff's predecessor agreed to purchase the interest of defendants in said property for the sum of money paid in by defendants upon the purchase price, and until said sum was so paid, defendants were to have their right to said property.

■ It is contended that there is no evidence to support the finding that plaintiff was the owner. of the property. This fact is admitted by the answer. The contention is without merit.

■ The court found that all the right, title and interest which the purchasers may have acquired by reason of the execution of the contract was forfeited, by reason of default in the performance of the terms thereof. It is contended that the evidence shows that defendants were not in default and had not forfeited their rights under the contract.

There is no evidence in the record that respondent ever declared a forfeiture, prior to the filing of the complaint herein. Neither is there any evidence that a demand was made by respondent for the balance of the purchase price and a tender made of a deed to the property.

The trial court found and concluded that defendants had no right, title or interest in the real property, and that all rights of defendants under the contract had been forfeited. Was the contract a live and subsisting obligation at the time the complaint was filed herein, or had it been discharged? The only evidence presented by plaintiff was the contract and proof that only one payment had been made thereunder and no more. The salient portions of the contract read as follows:

"It is Understood and Agreed that time is the essence of this Agreement and that such provision shall not be waived if the Seller accept payments herein after the same have become delinquent or to give extensions of time to the Buyer. If the Buyer fails to make any of the payments at the times and in the manner above provided, or fails to comply with any of the terms hereof on his part to be done or performed, then the Seller may declare all moneys provided to be paid hereunder immediately due and payable, and may forthwith proceed to collect the same or endorse the terms of this Agreement by appropriate action, or at the Seller's option the Buyer shall be deemed to have

forfeited all rights hereunder and all right to the money theretofore paid upon this agreement, which money may be retained by the Seller, and the Seller shall be relieved from all obligations in law or equity to convey said property; but the Seller, on receiving the full payments at the times and in the manner above provided, agrees to deliver to the Buyer a good and sufficient deed of conveyance of said premises, and to · deliver a Guarantee of Title showing the title to be vested in the Seller free and clear of encumbrance suffered or done by it except as herein mentioned."

The facts in this case bring it directly within the principle laid down in *Boone* v. *Templeman,* 158 Cal. 297 [110 Pac. 947, 950, 139 Am. St. Rep. 126]:

"Where in a contract for the sale of land the price is made payable in instalments at different times and the deed is to be made when the whole is paid, the vendor may, upon failure to pay any intermediate instalment, forthwith sue for its recovery. But if he allows the whole to become due, the payment of the price then becomes a dependent and concurrent condition, nonpayment alone does not put the vendee in default, the vendor must tender a deed as a condition to demanding payment of the price, and he cannot, without such tender, declare a forfeiture, or maintain a suit either for the whole price, or for an intermediate instalment." (Citing numerous authorities.) The foregoing rule is cited with approval in *Lemle* v. *Barry,* 181 Cal. 6 [183 Pac. 148].

Respondent attempts to distinguish the instant case from the Templeman case upon the ground that in the former the action is one to quiet title, while in the latter the action is for specific performance. Respondent states that "in· appellants' cases—(including *Boone* v. *Templeman, supra*)— the plaintiff is asking for something, and moreover asked without taking the prior step of a tender, which step alone would put the plaintiff in a position of being able to ask for anything. In the present case nothing is requested from the other parties, nor does the plaintiff assert that it is in a position to make any such request".

We cannot agree that the form of action renders the rule quoted inapplicable. In the Boone case the sole question presented was whether or not the contract was a subsisting obligation. The court held that under the facts of the

complaint the contract had not been discharged. It held that "upon the face of the complaint the contract is still subsisting". In the instant case plaintiff *is* requesting something of the other party. He is seeking to take away all rights of defendants arising out of the contract. This is something very substantial.

It is contended that the payment of taxes by the owner alters the rule—no authorities are cited. While the contract obligated the vendee to pay all taxes, the fact that the vendor paid them is no evidence of forfeiture.

It is an admitted fact that respondent was in possession of the property when the complaint was filed and had been for a long time prior thereto. It is argued by respondent that the contract contemplated that vendee should have possession. The contract does not so provide. No obligation of taking possession rested upon the vendee, hence the fact that vendor remained in possession is no evidence of a breach or abandonment of the contract upon the part of the vendee.

Throughout this opinion we have also been guided by the general rule that "forfeitures are not favored in law, and conditions providing for the forfeiture of an estate are to be construed liberally in favor of the holder of the estate and strictly against the enforcement of the forfeiture". (*Behlow* v. *Southern Pac. Co.*, 130 Cal. 16 [62 Pac. 295].)

We conclude, therefore, that the undisputed evidence shows that the contract between these parties is still a subsisting obligation. The entire amount due under the contract had matured, and the duty of tendering a deed and paying the price arose out of mutual and concurrent conditions. No forfeiture could be declared until the vendor made a tender of a deed. The finding that there was a forfeiture is not supported by the evidence.

The judgment is reversed.

Thompson (R. L.), J., and Pullen P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 6, 1933.