[Civ. No. 7593.   Second Appellate District, Division One.—February 17, 1933.]

W. H. REA et al., Appellants, v. SECURITY TRUST & SAVINGS BANK (a Corporation) et al., Respondents.

James Donovan for Appellants.

Faries & Williamson, Kenneth E. Ramsay and Edward W. Lloyd for Respondents.

CONREY, P. J.—In the month of July, 1926, defendant Security Trust and Savings Bank was the owner of a tract of land described as Tract No. 9033 in the county of Los Angeles, including lots 135 and 136 thereof. The bank arranged for subdivision of the property into blocks and lots, and engaged defendant J. B. Ransom Corporation as its agent in selling the lots. At the time of the transactions referred to herein defendant D. Jamieson was a sales agent for the Ransom Corporation. On July 5, 1926, Jamieson solicited the plaintiffs to purchase lot 135, and succeeded in persuading them to buy said lot. Plaintiffs in their complaint alleged that in this transaction Jamieson was agent both for the bank and the Ransom Corporation. The court found, upon sufficient evidence, that he was acting for only the Ransom Corporation. Pursuant to these negotiations a contract of sale of said lot, dated July 16, 1926, was entered into between the bank and the plaintiffs. The sale price was $2,375, of which plaintiffs at that time paid $593.75 and agreed to pay the balance of the principal sum at the rate of $47.50 per month, with interest as stated in the contract.

In like manner and through the same agency, in the following year, the plaintiffs purchased lot 136 of said tract, and a contract in writing therefor was entered into, dated May 28, 1927, between the bank and the plaintiffs, whereby the plaintiffs agreed to buy said lot 136 at the stated price of $2,708, of which the plaintiffs paid $679.50 and agreed to pay the balance of the principal sum in monthly installments of $54.16 with interest as stated in the contract.

By complaint filed May 8, 1929, the plaintiffs commenced this action. In their complaint they set forth certain alleged facts whereby they claimed that they were fraudulently induced to enter into these contracts, and also that a subsequent agreement was made whereby the original agreements were abandoned. It was alleged that the plaintiffs in order to save lot 136, and at the suggestion of Jamieson, assigned and set over to defendant Ransom Corporation said lot 135, to be resold by the defendants and the proceeds of the sale thereof applied on the purchase price of said lot 136; that on or about November 9, 1928, the defendants caused said lot 135 to be sold at a price greater than the price of the sale thereof to plaintiffs, but failed to apply the money so received to payments on lot 136, but appropriated the sum to their own use in violation of their said agreement; that at the same time the defendants proceeded to foreclose the rights of said plaintiffs to both lots and appropriated to their own use the money so received on the purchase price of each lot, and declared the contracts of the plaintiffs forfeited; that the plaintiffs demanded of the defendants that they perform their said agreements with the plaintiffs, but they refused so to do; that thereupon plaintiffs demanded of the defendants that they repay to the plaintiffs all of the moneys so paid by the plaintiffs on the purchase price of both of said lots, with which demand defendants refused to comply. By reason of the aforesaid alleged facts plaintiffs claim to be damaged in the total sum of $1274.91 with interest from the dates of payments as above set forth. Upon issues raised by the complaint and the answers thereto, the action was tried and judgment entered in favor of the defendants, including a judgment in favor of defendant Jamieson upon his counterclaim in the sum of $175 and interest, based upon a promissory note of the plaintiffs to the defendant Jamieson.

The findings of the court, with reference to the representations and promises alleged to have been made by the defendants, are against the plaintiffs both as to the original transactions and with relation to the alleged agreement for resale of said lot 135, and disposition of the proceeds thereof. In substance and effect the court's findings are that the plaintiffs failed to make their installment payments as provided in the contracts, and that by reason of such default the defendants exercised the options agreed upon in said

contracts to declare forfeiture of the buyers' rights there-under. Plaintiffs appeal from the judgment.

The cause is before us on a transcript of the judgment-roll, with a bill of exceptions. There is no specification of insufficiency of the evidence to sustain the findings. Nor do appellants complain of any ruling of the trial court in rela-tion to evidence offered or received. The grounds of appeal are thus confined to those matters wherein it is contended that the findings do not support the judgment.

▮ Appellants' first contention, as set forth in the brief (without the "appropriate heading, showing the nature of the question to be presented, or the point to be made", as required by rule VIII), is that the provisions in each of the contracts, providing for the forfeiture of the buyers' rights, are in violation of sections 1670 and 1671 of the Civil Code. The point is not applicable to this appeal. We have here, in each instance, a contract for payments to be made by the purchaser; a provision that "time is of the essence of the agreement"; and failure of the buyers to make payments which had become due. Whether there was a forfeiture or not, in either event it remains true that the facts found do not entitle the plaintiffs to judgment as for damages, or for return of the money which they had paid as part of the purchase price. With one exception (the amount of Jamieson's counterclaim), the judgment grants no affirmative relief. It is merely a judgment that the plain-tiffs take nothing.

▮ The second point stated is that there was a "rescis-sion of the original contracts". Appellants have not brought to our attention any finding of facts showing such rescission, either by virtue of the alleged new agreement, or at all; although, by their third point, they insist that the findings do not support the judgment, in this, that certain findings mentioned have the effect of a finding of a new agreement, amounting to a rescission of the original con-tract. We think the listing-for-resale memorandum mentioned in finding 6 is not effective to produce the consequences for which appellants contend.

The fourth point suggested by appellants (Brief, p. 34 et seq.) is by way of a further contention, which assumes that the affirmative matters pleaded in the answer of defendants are of the nature of a cross-complaint and that the judgment is a

judgment declaring and enforcing a forfeiture. Since we think that these assumptions are without foundation, we deem it unnecessary to discuss the questions which might arise if the pleadings and judgment had been such as appellants describe. ▮ The case made by the record comes within the rule stated in *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, at page 10 [55 Pac. 713, 69 Am. St. Rep. 17, 43 L. R. A. 199], where it is said that after the vendee's breach of the covenant to pay, the vendor, still resting upon the contract, may remain inactive, yet retain to his own use the moneys paid by the vendee. (See, also, *Winter* v. *Kitto,* 100 Cal. App. 302, 309 [279 Pac. 1024].) In finding 9 it is said that it is true that, the buyers being in default, the defendants elected to, and did, "exercise the option agreed upon in the contract, to declare a forfeiture of all of the buyers' rights under the contract". ▮ But the right of the seller to retain the amount of payments which had been made is independent of any express clause in the contract for the forfeiture of rights or the retention of payments as liquidated damages, such clauses being but declarations of what would have been the legal rights of the vendor without such provisions. When the defendants gave notice of forfeiture, they were acting pursuant to the terms of the contract, and they did not thereby abandon or attempt to rescind the contract. In *Glock* v. *Howard & Wilson Colony Co., supra,* at page 15, the court quoted with evident approval from *Merrill* v. *Merrill,* 103 Cal. 287, 292 [35 Pac. 768, 37 Pac. 392], where Commissioner Temple said: "Nor do I think it was held in any of the cases cited that a rescission was effected simply by the act of a vendor in claiming a forfeiture. . . . In *Cleary* v. *Folger,* 84 Cal. 316 [24 Pac. 280, 18 Am. St. Rep. 187], it was simply held that the vendor was also in default, in that he did not tender a deed on the very day it was due on the contract. Both being in default, either could treat the contract as rescinded. It was not there held that when a vendor refuses to complete performance because of a breach on the part of the vendee, and claims damages as stipulated in the contract, he thereby rescinds or consents to a rescission."

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1933.