[No. 27062. Department Two. August 15, 1938.]

G. C. CRIM et al., *Appellants*, v. HAROLD M. WATSON et al., *Respondents*.[1]

*Harry C. Hazel,* for appellants.

*Myers & Myers,* for respondents.

BLAKE, J.—This is an appeal from a judgment dismissing the action, after a demurrer to the complaint had been sustained.

The ultimate facts set out in the complaint are: Plaintiffs, on May 12, 1931, entered into a contract, of which time was the essence, to purchase a tract of land from defendant Watson. The latter subsequently assigned his interest in the contract to defendant Cowen, deeding the land to her. Plaintiffs entered into possession of the land, made improvements thereon, and paid a total of $567.28 toward the purchase price, which was $1,500. The final payment was due May 12, 1935. On December 8, 1937, defendant Cowen gave notice to plaintiffs that,

[1]Reported in. 82 P. (2d) 172.

" . . . unless the amounts now in default under the terms of said contract are paid to the undersigned on or before the 9th day of January, 1938, the undersigned . . . will elect to declare a forfeiture and cancel said contract."

January 11, 1938, plaintiffs having failed to comply with the notice, defendant Cowen, without tendering a deed, gave notice of forfeiture.

In the meantime, in response to the notice of December 9th, plaintiffs requested Cowen to place a deed in escrow, "to be delivered to plaintiffs upon the payment of the full balance of the purchase price." This the "defendant failed, refused and neglected to do." It is then alleged in the complaint that, after receiving the notice of January 11, 1938,

" . . . plaintiffs thereupon elected, and do hereby elect, to treat said wrongful termination and cancellation of said contract as an offer to rescind the same on the part of defendants, and acquiesced, and do now acquiesce, in such rescission; that plaintiffs promptly tendered possession of said real property to the defendants."

It is to be noted that there is no allegation of tender of the purchase price. Nor is there any allegation of defect in defendant's title. Plaintiffs' contention is that the notice of forfeiture, without the tender of deed, constituted an offer to rescind, which plaintiffs accepted by surrendering possession of the property. In support of this proposition, plaintiffs cite *Christy v. Baiocchi*, 53 Wash. 644, 102 Pac. 752; *Gottschalk v. Meisenheimer*, 62 Wash. 299, 113 Pac. 765, 115 Pac. 79; *Gibson v. Rouse*, 81 Wash. 102, 142 Pac. 464; *Ihrke v. Continental Life Ins. & Inv. Co.*, 91 Wash. 342, 157 Pac. 866, L. R. A. 1916F, 430; *Finch v. Sprague*, 117 Wash. 650, 202 Pac. 257.

While language is used in some of these cases, notably *Finch v. Sprague* and *Ihrke v. Continental Life Ins. &*

*Inv. Co.*, which seems to lend color to plaintiffs' contention, in none is the decision rested alone upon the failure to tender a deed at the time of declaring forfeiture. An analysis of these cases and others decided by this court will show that the real basis of granting relief to the vendee, where forfeiture is claimed without tender of deed, is because of defect in the vendor's title or his inability to perform his contract.

Declaration of forfeiture by the vendor, without tender of deed, does not terminate the contract. Nor can the vendee, by acceding to the declaration of forfeiture, convert it into an offer to rescind. Such a declaration cannot be construed as a repudiation of the contract by the vendor. For, of necessity, it is but an ineffectual attempt on his part to *enforce* the terms of the contract. The rule simply is that, after final payment is due upon a time contract for the sale of land, neither party can put the other in default without tender of performance. 2 Warvelle on Vendors (2d ed.), §§ 756, 816, 841; *Stein v. Waddell,* 37 Wash. 634, 80 Pac. 184; *Davis v. Downie Investment Co.,* 179 Wash. 470, 38 P. (2d) 215. In the former case, the statement of the rule contained in *Frink v. Thomas,* 20 Ore. 265, 25 Pac. 717, 12 L. R. A. 239, was approved:

"As a general rule, a party who asks for the rescission of a contract for the sale of real estate must be himself without fault; and when, as in this case, the payment of the purchase money and the making or tender of the deed are to occur simultaneously, they are regarded as mutual and concurrent acts, *which disable either party from putting an end to the contract, without performance or a valid offer to perform on his part, and, so far as the question of time is concerned, both parties, after the day provided for the consummation may be considered equally in default, and neither can hold himself discharged from the obligation of complete performance, until he has tendered performance on his own side and demanded it on the other.*" (Italics ours.)

In the latter case, the vendee, as in this, took the position that notice of forfeiture, without a tender of deed, terminated the contract, and amounted, in legal effect, to an offer on the part of the vendor to rescind. Denying validity to the contention, the court said:

"It would seem, therefore, that the notice of May 2, 1932, was wholly abortive; that the contract was left in full force and effect; that the vendee might thereafter at any time have cured its default by tendering payment; and that the vendor might thereafter at any time proceed to put the vendee in default by tendering a deed and demanding the payments which were overdue."

Under the rule laid down and applied in the foregoing cases, the complaint in the instant case is devoid of allegations which would entitle plaintiffs to relief.

Judgment affirmed.

STEINERT, C. J., BEALS, and ROBINSON, JJ., concur.

MILLARD, J. (concurring)—I concur because of the rule of *stare decisis*. The question is foreclosed by *Davis v. Downie Investment Co.*, 179 Wash. 470, 38 P. (2d) 215.